**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- x

CHRISTINA ALFANDARY, JEFFREY
HANSEN, LAURIE VICARI, TIMOTHY MCCARTHY,
BILL WILDER, FREDERICK REIDENBACH, AND
GREGORY ATKINSON,

                 Plaintiffs,

        v.

NIKKO ASSET MANAGEMENT CO., LTD.
TAKUMI SHIBATA, SUMITOMO MITSUI TRUST
BANK, LIMITED, AND SUMITOMO MITSUI TRUST
HOLDINGS, INC.,

                 Defendants.

-------------------------------------------------------------------- x

Civil Action No. 17-cv-05137-LAP

**STIPULATED**
**CONFIDENTIALITY**
**AGREEMENT AND**
**PROTECTIVE ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-16-19

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their

respective counsel, that certain documents and information produced or provided by the parties or

non-parties during the course of this action in discovery ("Discovery Material") may be deemed

to contain and/or constitute confidential information. Such information may include, but not be

limited to, confidential and/or proprietary business information, financial information, business

plans, product development information, marketing plans, and information of a personal or

intimate nature regarding any individual ("Confidential Information"). The parties further

stipulate that (1) the Confidential Information sought to be protected is private and confidential

and may relate to non-parties to this action; (2) disclosure of the Confidential Information outside

the confines of this litigation could violate privacy interests of the parties and non-parties; (3) this

case does not involve issues of public health or safety; and (4) the sharing of the Confidential

Information sought to be protected will promote fairness and efficiency in the litigation.

Therefore, the parties stipulate that there is good cause for the entry of an Order protecting any

Confidential Information contained in documents and/or testimony, and consent and stipulate to the entry of such an Order as follows:

1.     Any party or non-party to this action, prior to the production by it of any document it believes to contain Confidential Information, shall have the right to mark such document with the label "CONFIDENTIAL." Both the first page and all subsequent pages of the document shall be so marked. The documents so designated as CONFIDENTIAL and the Confidential Information contained therein, shall not thereafter be disclosed to any other person or entity, except as provided below in Paragraph 4.

2.     Any party or non-party to this action may designate portions of any transcript (including exhibits) of a deposition containing confidential or proprietary information as CONFIDENTIAL by so stating in the course of the deposition, or by written notice sent to all parties within thirty (30) days after receipt of the transcript and by directing the court reporter that the appropriate confidentiality legend be affixed to all pages of the original and all copies of the transcript containing any Confidential Information. Any such designated portions shall not thereafter be disclosed to any other person or entity, except as provided below in Paragraph 4. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

3.     Any party to this action may designate information contained in a response to interrogatories or request for admission as CONFIDENTIAL by (i) including in such response a statement specifying the answers or parts thereof that are designated CONFIDENTIAL, and (ii) stamping the first page of any such response and each succeeding page containing information designated as CONFIDENTIAL. The Confidential Information contained therein shall not thereafter be disclosed to any other person or entity, except as provided below in Paragraph 4.

4.     Discovery Material containing Confidential Information designated as CONFIDENTIAL may be disclosed to the parties in the case and/or their attorneys consistent with the foregoing, but shall not thereafter be disclosed by any other party to any person or entity, except as follows:

(a)     To the party's attorneys who have been retained specifically for this action (including any paralegal, clerical or other assistant employed by such attorneys and assigned to this matter);

(b)     If the party is a corporate party, to current or former employees of the corporate party when such disclosure is determined by the corporate party to be necessary in connection with the litigation, provided that such current or former employees are informed that the Discovery Material contains Confidential Information and agrees to not disclose the same to any other person or entity;

(c)     To experts, advisors, or consultants (together with their staff) assisting the parties or their counsel in the litigation, in accordance with Paragraph 5 below;

(d)     To a witness at a deposition, in accordance with Paragraph 6 below;

(e)     To vendors retained by or for the parties to assist in preparing for discovery and/or hearings, including, but not limited to: court reporters, litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use in the litigation or in depositions, as well as their staff, and stenographic and clerical employees whose duties and responsibilities require access to such materials, provided that such vendors are informed that the Discovery Material contains Confidential Information and agree to not disclose the same to any other person or entity; and

(f)     To this or any other Court before which this litigation is pending, including any Court personnel, and professional shorthand reporters, in accordance with Paragraph 7 below.

5.     Prior to a disclosure of Confidential Information to any persons identified in Paragraph 4(c) above, the person to whom disclosure is to be made shall be furnished with a copy of this Stipulated Confidentiality Agreement and Protective Order ("Protective Order") and shall be required to sign the Acknowledgment attached hereto as Exhibit A.

6.     Prior to a disclosure of Confidential Information designated as CONFIDENTIAL to a non-party witness at a deposition, the witness shall be furnished with a copy of this Protective Order and shall be required to sign the Acknowledgment attached hereto as Exhibit A.  However, if a party objects to the disclosure of Confidential Information to a non-party witness at a deposition, the Confidential Information shall not be disclosed to the non-party witness until the objecting party has a reasonable opportunity to resolve the dispute before the Court. The transcript of deposition testimony deemed confidential shall be marked by the court reporter "Confidential" and treated as Confidential Information subject to the terms of this Order.

7.     All Confidential Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Confidential Information, shall be submitted in the following manner:

(a)     Upon entry of this Protective Order, the parties may file under seal documents containing Confidential Information;

(b)     The parties shall consult with and comply with the instructions for filing such documents under seal as set forth on the Court's website at https://nysd.uscourts.gov/programs/records/sealed;

(c)     As soon as practicable, but in no event later than seven (7) calendar days after having filed paper copies of the materials containing Confidential Information, the submitting party shall electronically file with the Court, for its public file, a copy of all papers served in connection with the sealed submission with the Confidential Information redacted;

(d)     A full and unredacted courtesy copy of any submission of documents filed under seal must be provided to Chambers as soon as practicable, marked "Chambers Copy" and "Contains Confidential Information Filed Under Seal."

8.     In any event, any party filing a motion or any other papers with the Court that contains Confidential Information and subject to filing limitations shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Information itself, and not text that in no material way reveals the Confidential Information.

9.     This Order applies only to the use or disclosure by a party of Confidential Information so designated by another party or a non-party and does not limit the supplying or designating party's right to make use of the party's own documents, materials and information for any purpose whatsoever.

9.     All Confidential Information hereafter produced or disclosed shall be used only in connection with this litigation, and shall not be used in connection with any other lawsuit or for any other purpose whatsoever.

10.     If a party disagrees with the designation of any document, deposition testimony, or response to an interrogatory or request for admission as CONFIDENTIAL, that party may notify, in writing, counsel for the designating party of their objection to the designation. Within seven days of receipt of such notice, the designating party shall either (i) notify the objecting party in writing that it will agree to the declassification requested, or (ii) contact the Court to resolve the dispute.

Until the dispute is resolved, the designated material in question shall continue to be subject to the terms of this Order.  If the designating party does not contact the Court within the allotted time, the material in question will automatically become declassified.

12.     No person bound by this Protective Order shall disclose any Confidential Information, either orally or in writing, to any person to whom disclosure is not authorized by the terms hereof.  The parties agree that Confidential Information shall be maintained in the strictest of confidence in accordance with this Protective Order.

13.     Production or disclosure of any Confidential Information by a party does not waive any objections that party may have as to the admissibility of such documents or information in evidence.

14.     The inadvertent failure to designate any Confidential Information as CONFIDENTIAL shall not be deemed a waiver of such status if such Confidential Information is properly designated promptly upon discovery of such failure.

15.     Within thirty days after termination of this litigation, including any and all appeals taken therefrom, or within thirty days after the time for taking such appeals has expired without appeal having been taken, counsel shall return to opposing counsel all discovery and copies thereof subject to this Protective Order in the possession of persons or entities other than counsel for the parties to this Agreement.  In lieu thereof, counsel may, at its option, confirm in writing to opposing counsel that counsel has destroyed all materials subject to the provisions of this Protective Order that was in the possession of persons or entities other than counsel for other parties to this Agreement.  No individual or entity other than counsel for the parties to this Agreement may retain any documents that constitute Confidential Information subject to this Protective Order and/or that

incorporate or disclose Confidential Information. All Confidential Information not returned or destroyed shall remain subject to this Protective Order.

16.     Upon the request of any party, upon final termination of this litigation, including all appeals, the Clerk of the Court shall return all written material containing Confidential Information to the counsel of record who filed same with the Court.

17.     Pursuant to Federal Rule of Evidence 502, disclosure of Discovery Material subject to the attorney-client privilege or work-product doctrine, or any other applicable privilege or immunity from disclosure, without the express intent to waive such privilege, protection, or immunity, shall not be deemed a waiver in whole or in part of the privilege, protection, or immunity, either as to the specific information disclosed or as to the same or related subject matter. If the person or entity that discloses or produces Discovery Material ("Producing Party") notifies the recipient of such Discovery Material ("Receiving Party") in writing by hand delivery, overnight delivery, or e-mail (the "Inadvertent Production Notice") of the inadvertent disclosure of documents or other information (the "Inadvertent Material") which the Producing Party in good faith believes to be subject to immunity from disclosure, including but not limited to on the grounds of the attorney-client privilege or as attorney work product, Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) must apply. In the case of a non-party production, any party to the litigation may provide such Inadvertent Production Notice to the Receiving Party and to the producing non-party. Upon receipt of such notice, each Receiving Party shall: (a) promptly sequester or return the Inadvertent Material and any copies, summaries and excerpts thereof to the Producing Party; (b) refrain from any further disclosure of such information; and (c) not use such information for any purpose other than in connection with a motion to compel. The party returning such Inadvertent Material may then move the Court for an order compelling

production of the Inadvertent Material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production. In response to a motion to compel the production of such information, the party with possession, custody or control thereof may submit a copy of the Inadvertent Material for the Court's *in camera* review.

18.    The parties retain the right to move before this Court for an Order seeking to modify the terms hereof or for any other relief as they may deem appropriate or desirable regarding this Order or the issue of confidentiality.

19.    This Order shall have no effect whatsoever on the use of any documents or information subject to the Order at the trial of this matter. Any issues concerning the confidentiality of information at the trial of this matter shall be addressed by the trial court.

20.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED:**

**CROSBY & HIGGINS LLP**
477 Madison Ave., 6th Floor
New York, NY 10022
Tel.: 646-452-2300
Fax:  646-452-2301

Todd A. Higgins
E-mail: thiggins@crosbyhiggins.com

*Attorneys for Plaintiffs*

**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, NY 10019
Tel.: 212-506-1700
Fax:  212-506-1800

*s/ Daniel J. Fetterman*
Daniel J. Fetterman
E-mail: dfetterman@kasowitz.com
David J. Mark
E-mail: dmark@kasowitz.com
Marissa E. Miller
E-mail: memiller@kasowitz.com
Ryan P. Montefusco
E-mail: rmontefusco@kasowitz.com

*Attorneys for Plaintiffs*

**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, New York 10022-6069
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179

_s/ Adam Hakki_
Adam S. Hakki
E-mail: adam.hakki@shearman.com
John Gueli
E-mail: jgueli@shearman.com

_Attorneys for Defendant Nikko_
_Asset Management Co., Ltd._

**SO ORDERED:**

12/16/19

_____
HONORABLE LORETTA A. PRESKA, U.S. DISTRICT JUDGE